AYRES, Judge.
In connection with his business as the owner of a dairy near the City of Mansfield, plaintiff operates a business as a peddler or hawker by means of a motor truck, popularly known as . a “Melody Ice Cream Truck”, from which .plaintiff sells only products which are frozen and are .prepared exclusively for human consumption. Alleging that a controversy had. arisen between-him and the City of Mansfield in the interpretation of the occupational license tax statutes of the State and of an ordinance ' of the defendant, ■ thte plaintiff brought this suit under the provisions of LSA-R.S. 13:4231 et seq., for a declaratory judgment as to the legal fights, status, responsibilities and relations of the plaintiff toward the City of Mansfield, particularly as to plaintiff’s exemption from the payment of a peddler’s license tax..
Defendant contends that plaintiff is due an occupational license tax of $1G0 imposed by LSA-R.S. 47:368 and by ordinance No. 726 of the City of Mansfield. Accordingly, the defendant prays that plaintiff’s demands be rejected and, in reconvention, 'that it have judgment agaihst the plaintiff for said sum with interest, as provided by law, and costs, and that plaintiff be enjoined from continuing the operation of said business until the payment of said license fee.
Judgment was rendered in defendant’s favor, declaring and decreeing that some of the products sold and dispensed by plaintiff did not come within the exemptions provided in said statute, and, accordingly, judgment was rendered in favor of the defendant against the plaintiff for the license tax or fee in the sum of $100, with ten percent per annum- interest thereon from June 1, 1953, until paid, .and for all costs. From this judgment the plaintiff prosecutes a suspensive and devolutive appeal.
LSA-R.S. 47:368, as amended by Act No. 378 of 1952, so far as pertinent, reads as follows:
“A. For every business of peddling or hawking to consumers except those licensed under R.S. 47:369 and those .hereinafter specifically exempted, the annual license is hereby fixed, classified and graded as follows, towit: * * * (Then follows a statement of the classes, grades and fees).
“E, The provisions of this Section shall not apply, to,the business of ped-,,, dlers or hawkers of ice cream or nonalcoholic beverages, ice, bread, milk, fresh meats, frozen-foods, coal, char- • coal and wood: * * . .
Plaintiff contends that the produce sold comes within the exemptions enumerated in the statute! These items consist of “ice cream”, “popsicle”, '“fudgsicle”, “niitty buddy (drumstick)”, “banana roundup”, “wonder bar”, “frozen orange stick”, “frozen lime stick”, and “sherbet”, and by stipulation, it is shown that “popsicle” and “fudg-sicle” are composed of thesé''ingredients: water, vegetable stabilizer, corn and cane stigars, artificial and pure flavoring, and are frozen, but do not come within the definition of “ice cream”; the product “nutty buddy” is composted chiefly of ice cream and is served in ice cream cones; the product “banana roundup” is composed of ice cream, together with bananá frozen therein; the product “wonder bar” is composed of ice milk, vegetable stabilizer, com and cane sugars, and js' frozen; the product “frozen orange stick”' consists' of pure frozen orange juice; the product “frozen lime stick” consists of pure frozen lime juice, and the product “sherbet” contains water, com and cane sugars and ice cream mix, and is frozen.
A study of the history of our present Occupational License Statute, re *708 ferred to and quoted above, shows that by Act 299 of 1926 peddlers' of ice were exempted from the payment of a license tax; Act 241 of 1928 granted exemptions to peddlers of ice cream, all non-alcoholic beverages, bread, milk, fresh meats, coal, charcoal and wood; and by the amendment of 1952, frozen foods were added to the exemptions. Plaintiff contends that the products sold by him come clearly within one or the other of the exemptions, but the main contention appears to concern those products which may be classified as frozen foods. It is a matter of-commomknowledge that modern methods of refrigeration have given great impetus to the expansion of the frozen foods industry, particularly since the end of World War II. The Legislature in 1952, when it added frozen foods to the list of exemptions, was no doubt aware of' the' development of this industry and of the 'many varieties of frozen foods that were then, as well as now, available and offered for human consumption. It is common knowledge, too, that the products, the like of which plaintiff is peddling, are the ones generally .peddled and sold in residential areas in the manner in which plaintiff was operating.
The term “frozen foods” is general and broad and is not limited or restricted to any particular kind of food. “Food” has been defined as- “nutritive material, absorbed or taken into the body of an organism which serves for purposes of growth, work, or repair and for the maintenance of the vital processes.” Webster’s New International Dictionary. Tliis definition is given by 22 Am.Jur. 804:
“The word, ‘food’ is a very general term and applies to all that is eaten for the nourishment of the body”;
and 36 C.J.S., Food, § 1041, says:
“In the general sense of the term, food is ‘that which is eaten or drunk for nourishment.’ ”
Moreover, under the Louisiana “State Food, Drug and Cosmetic Law”, LSA-R.S. 40:602, it is stated that
“ ‘Food’ includes all substances and preparations used for or entering into the composition of food, drink, confectionery, chewing gum, or condiment for man or beast.”
Admittedly, the products are edible, nutritious, and contain food value, and it is our opinion that such of those products as do not come within the exemption of any other word or term of the statute are included in the term “frozen' food” and that, therefore, plaintiff’s business' as -. a peddler and hawker thereof is exempt from occupational- license tax under the aforesaid statute and ordinance.
In. view, of LSA-R.S. 13:452.1, exempting municipalities from the. payment of court costs, except as may have been incurred for stenographer’s fees in taking testimony, and such costs not having been incurred herein, the defendant can not be assessed with the costs of this suit. , . .
It, therefore, follows that the judgnient appealed, from should be, and it is hereby, annulled and reversed, and there is now judgment in favor of the plaintiff, W. M. Pollock, Jr., doing business as Pollock’s Dairy, against the City of Mansfield, holding, declaring and decreeing that plaintiff’s business, as a peddler*and, hawker of the products enumerated hereinabove and as forming.-the subject of this litigation, is-exempt from the payment of any occupational license tax or fee: